IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM TONY MCCROAN,

    Plaintiff,

vs.                                        Case No. 4:13cv502-RH/CAS

STATE OF FLORIDA,

    Defendant.

_____/

## ORDER and REPORT AND RECOMMENDATION

The pro se Plaintiff has submitted another civil rights complaint challenging his commitment to the Florida State Hospital[1] and also seeking relief from pending state criminal charges. Doc. 1. Plaintiff also filed a motion for leave to proceed in forma pauperis. Doc. 2. Judicial notice is taken from one of Plaintiff's prior cases that he is not a "prisoner" as defined by 28 U.S.C. § 1915(h). *See* case number 4:13cv360-MW/CAS, doc. 6. Plaintiff's motion for in forma pauperis status, doc. 2, is **GRANTED** and the Clerk shall file the civil rights complaint, doc. 1, without requiring payment of the filing fee.

---

[1] Plaintiff asserted in case number 4:13cv360 that he was confined and unlawfully provided treatment on an invalid court order. Doc. 1 of that case.

Plaintiff's complaint alleges that the State of Florida improperly filed charges against him 46 days after his arrest. Plaintiff states that he was arrested on August 26, 2009, and the "State filed the information and indictment charges on October 9, 2009." Doc. 1 at 11. Plaintiff contends that this speedy trial rights were violated because he was not found incompetent to proceed until 275 days after his arrest. Id. Plaintiff alleges that the State "falsified a court order to illegally commit" him to the custody of the Department of Children and Family Services. Id. As relief, Plaintiff seeks monetary damages and requests this Court "drop the charges and release" Plaintiff from the State's custody. Id. at 13.

A civil rights case cannot provide part of the relief requested by Plaintiff. Release from prison must be brought through a habeas corpus petition, not through a civil rights action. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment). It is also clear that one may not seek monetary damages which would collaterally undermine a criminal conviction or sentence. Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated). In Heck, the Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Harden v. Pataki, 320 F.3d 1289, 1294 (11th Cir. 2003), *quoting* Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372. "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 487, 114 S.Ct. at 2372. Plaintiff has not demonstrated that his commitment is invalid and he cannot meet the "favorable termination requirement" to bring this § 1983 action at this time as is explained further below. Plaintiff is not entitled to relief in this case and it should be dismissed.

Furthermore, Plaintiff's complaint brings claims solely against the State of Florida as the Defendant. It is well established that the Eleventh Amendment is an absolute bar to a § 1983 suit for monetary damages by an individual against a state or its agencies. Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974). Thus, a § 1983 suit against the State of Florida is barred by the Eleventh Amendment. Gamble v. Florida Dept. of Health and Rehab. Servs., 779 F.2d 1509 (11th Cir. 1986). Congress has not abrogated a state's immunity in enacting § 1983, Quern v. Jordan, 440 U.S. 332, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979), neither has Florida waived its Eleventh Amendment sovereign immunity and consented to suit in federal court under § 1983. Gamble, 779 F.2d at 1520.

One notable exception to this constitutional bar is through Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908). *See* Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 269, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997) (reaffirming that prospective relief may be sought against a state official in federal court); Sandoval v.

Hagan, 197 F.3d 484, 492 (11th Cir. 1999), *citing* Summit Medical Assoc. v. Pryor, 180 F.3d 1326, 1336-38 (11th Cir. 1999). That exception does not apply in this case because Plaintiff is not truly seeking injunctive relief, but habeas relief. A civil rights action cannot be used to seek release from state custody.

One additional comment is warranted in this case in light of the number of cases Plaintiff has been filing in this Court which, in general, challenge his detention and commitment.[2] Attachments to Plaintiff's complaint reveal that he has a pending case through which Plaintiff may pursue his claims. The Florida First District Court of Appeal entered an order on April 4, 2013, which reversed the denial of Plaintiff's state petition for writ of habeas corpus. Doc. 1 at 56. The State acknowledged in its response to the petition that "the trial court exceeded its jurisdiction by using a competency hearing to jump all the way to an adjudication of guilty-but-insane." Doc. 1 at 54. Because of the "concession of error," the First District remanded Plaintiff's case for further proceedings. Any relief due Plaintiff must come from the state courts. Until Plaintiff's commitment has been invalidated, which has not yet occurred because the proceedings have not reached their conclusion, Plaintiff's claims for monetary damages are premature and barred under Heck.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for leave to proceed in forma pauperis, doc. 2, is **GRANTED**.

---

[2] Plaintiff has filed the following civil rights actions: 1:13cv93, 1:13cv117, 4:13cv272, 4:13cv360, 4:13cv370, and this case. Plaintiff has also filed two habeas cases: 5:12cv94 and 5:13cv171, the latter of which is pending and respondents have been directed to respond. Docs. 10, 19 of case number 5:13cv171.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on September 19, 2013.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**